United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20361
Summary Calendar
_____

MAITREE MIKE MEESON,

Plaintiff-Appellant,

versus

BOARD OF REGENTS OF TEXAS SOUTHERN UNIVERSITY; WILLIARD L.
JACKSON, JR., in his official capacity; and PRISCILLA SLADE, in
her official capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CV-1427
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Matiree Michael Meeson is a naturalized United
States citizen who was born in Thailand and is of Thai ethnicity.
He was terminated in March, 1999 from the Texas Southern University
Law School ("TSU"), where he had been employed as director of
computers.  Meeson alleges that  he was replaced by Lonnie Prothro,
an African American.  Meeson also alleges that this termination and
replacement occurred due to his Thai race/nationality, in violation

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of Title VII, 42 U.S.C. §§2000e *et seq.*.  Meeson further alleges that comments made by the interim dean of TSU, Andrea Johhson, after Meeson was released indicate direct evidence of an intent to discriminate against "Third World" people.  On April 27, 2000, Meeson brought suit in district court in the Southern District of Texas, alleging that his termination occurred in violation of Title VII.  The defendants moved for summary judgment and, the district court granted defendants' motion.  Meeson brings this appeal.

We review the district court's grant of summary judgment de novo, employing the same criteria used in that court.  Rogers v. International Marine Terminals, 87 F.3d 755, 758 (5th Cir. 1996). Summary judgment should be granted where the record indicates no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Id. In considering the motion we must view the evidence in the light most favorable to the non-moving party.  Matsushita Elec. Indus Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).  But "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

Title VII makes it unlawful for an employer "to fail or refuse to hire or discharge an individual . . . because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-1(a)(1).  A plaintiff may establish a prima facie case of race/national origin discrimination with either direct or

circumstantial evidence. Under Title VII, direct evidence includes any statement or written document showing a discriminatory motive on its face. *Portis v. First national Bank of New Albany, MS*, 34 F.3d 325, 328-29 (5th Cir. 1994). Direct evidence is evidence which, if believed, proves the fact of intentional discrimination without inference or presumption. *See id.*

Plaintiffs may also establish a prima facie case of race/national origin discrimination through the use of circumstantial evidence. *See Beyers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426 (5th Cir. 2000). Absent direct evidence, plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *See Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001) (internal citations omitted). A *prima facie* case of discrimination based on race/national origin requires a showing that the employee (1) suffered an adverse employment action, such as loss of a position; (2) was qualified for the position; (3) was within the protected class; and (4) the person selected for the position was not within the protected class. *See id.*

The district court correctly found that interim dean Johnson's statements comparing TSU to a third world country did not constitute direct evidence of an intention to discriminate against people of "third world" origin. This statement, as the district court explained, instead referred to interim dean Johnson's desire to improve TSU's efficiency.

Plaintiff can still survive defendants' motion for summary judgement through providing circumstantial evidence as explained above. The district court found that plaintiff did not establish the *prima facie* case of discrimination necessary to defeat defendants' summary judgment motion through circumstantial evidence. We agree. Defendants present credible evidence that Meeson's job was eliminated due to a planned university wide reorganization. Protho applied for another, different, position that was created by the reorganization. Plaintiff did not apply for the job that Protho eventually took. Months later, as a result of the TSU reorganization falling through, Protho ended up with job responsibilities similar to those that plaintiff held when he was director of computers. Based on all of the evidence presented in the record, viewed in the light most favorable to the plaintiff, a reasonable jury could not find that plaintiff was "replaced" by Protho in this circumstance. Accordingly, defendants' summary judgment motion should be granted.

Based on the foregoing, the district court's judgment is AFFIRMED.